Filing # 51349763 E-Filed 01/19/2017 09:25:53 AM

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**

**MARC ROUSSEL AND**
**NATHALIE G. ROUSSEL,**

**Plaintiffs,**

**Case No.:**

**vs.**

**OCWEN LOAN SERVICING, LLC AND**
**DEUTSCHE BANK TRUST COMPANY**
**AMERICAS, as Trustee for Residential Accredit**
**Loans, Inc., Mortgage Asset-Backed Pass-Through**
**Certificates, Series 2005-QSI,**

**Defendants.**
_______________________________________/

**VERIFIED COMPLAINT**

Plaintiffs, Marc Roussel and Nathalie G. Roussel, respectfully, by and through the undersigned counsel, hereby sue Defendants, Ocwen Loan Servicing, LLC and Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QSI, and allege as follows:

1. This is an action for damages which exceeds $5,000.00, but does not exceed $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. § 559.77.

3. Plaintiffs, Marc Roussel and Nathalie G. Roussel ("Plaintiffs" or the "Roussel"), are natural persons who reside in Pasco County, State of Florida.

4. Plaintiffs are a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

5. Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a Foreign Limited Liability Company authorized to conduct business in Florida, engaged in its usual and customary business within Pasco County, Florida.

6. Ocwen's registered agent is:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

7. Defendant, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset- Backed Pass-Through Certificates, Series 2005-QSI ("Deutsche") is a Foreign Profit Corporation authorized to conduct business in Florida, engaged in its usual and customary business within Pasco County, Florida.

8. Deutsche's registered agent is:

CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

## GENERAL ALLEGATIONS

9. At all times relevant hereto, Plaintiffs are "debtors" as defined by Fla. Stat. 559.55(8). Plaintiffs have been the "object of collection activity arising from consumer debt".

10. At all times relevant hereto, Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a.

11. At all times relevant hereto, Defendant attempted to collect from Plaintiffs a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. At all times material herein, Ocwen was performing debt collection for a debt owed to Deutsche for the benefit of Deutsche to satisfy Plaintiffs' alleged obligation.

13. At all times relevant hereto, the acts of Ocwen relating to Plaintiffs were conducted on behalf of Deutsche, and with the consent, approval, and/or ratification of Deutsche.

14. The Plaintiffs allege that at all times herein mentioned, Ocwen was, and is now, the servant, employee, and/or other representative of Deutsche, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of Deutsche. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

15. At all times material herein, Deutsche is a "creditor" as defined by Fla. Stat. § 559.55.

16. At all times material herein, Ocwen is a "creditor" as defined by Fla. Stat. § 559.55. Specifically, Ocwen, as agent for Deutsche, attempted to collect a debt related to a certain mortgage and promissory note.

17. Ocwen is a "debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(6) and 15 U.S.C. § 16692a(6). Ocwen is the servicer of the debt. The principal purpose of Ocwen is the collection of debts, using the mail and telephone. Ocwen regularly attempts to collect debts alleged to be due to another. Here, Ocwen is acting on behalf of Deutsche, as the party to whom the alleged debt is owed.

18. Deutsche is a "debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(6) and 15 U.S.C. § 16692a(6). Here, Ocwen is acting on behalf of Deutsche, as the party to whom the alleged debt is owed.

19. Ocwen is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

20. Deutsche is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

21. Ocwen is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

22. Deutsche is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

23. Ocwen and Deutsche have engaged in acts or omissions prohibited by the FCCPA.

## FACTUAL ALLEGATIONS

24. On December 23, 2004, Homecomings Financial Network recorded a Mortgage against Plaintiffs' primary residence by virtue of a Promissory Note dated December 21, 2004.

25. The debt was incurred primarily for personal, household or family use.

26. On or about February 16, 2011, Deutsche initiated a foreclosure action against Plaintiffs entitled *Deutsche Bank Trust Company Americas v. Roussel*, Case No. 2011-CA-00771 (Sixth Judicial Circuit, Pasco County, Florida) (the "First Debt Collection Action").

27. The complaint filed in the First Debt Collection Action was based upon an alleged default of June 1, 2010.

28. Shortly, thereafter, Plaintiffs retained legal counsel, Andrew Lyons, Esq., to represent them with respect to the debt and defend the First Debt Collection Action and debt collection.

29. On or about April 19, 2012, Andrew Lyons, Esq., filed his appearance as counsel on behalf of the Plaintiffs with the relevant Court and Defendants' counsel.

30. Deutsche, and the prior servicer of the loan, were aware of Plaintiffs' representation by legal counsel since at least April 19, 2012.

31. On or about January 23, 2015, Deutsche filed an Amended Complaint alleging that Ocwen was the loan servicer by virtue of a Limited Power of Attorney.

32. As part of the servicing transfer of the loan to Ocwen, Ocwen was advised of the First and Second Debt Collection Actions, that Plaintiffs were represented by legal counsel with

respect to the debt, provided legal counsel's contact information, and provided all servicing files which included all of the aforementioned information.

33. On February 25, 2015, the First Debt Collection Action, Case No. 2011-CA-00771, was dismissed.

34. On or about October 23, 2015, Deutsche initiated a foreclosure action against Plaintiffs entitled *Deutsche Bank Trust Company Americas v. Roussel*, Case No. 2015-CA-03412 (Sixth Judicial Circuit, Pasco County, Florida) (the "Second Debt Collection Action"). A true and correct copy of the complaint in the Second Debt Collection Action is attached hereto as Exhibit "A", without exhibits thereto.

35. The complaint filed in the Second Debt Collection Action was based upon the same alleged default in the First Foreclosure Action, June 1, 2010.

36. The Second Debt Collection Action is replete with violations of the FDCPA by seeking to collect monthly installment payments due beyond Florida's five year statute of limitations. Additionally, Defendant omitted the fact that Plaintiff's home was previously subject to a prior foreclosure lawsuit (albeit unsuccessfully), meaning the loan has already been accelerated and then, as a result of Defendant's prior unsuccessful foreclosure, de-accelerated. Florida law required Defendant to send out a second "Notice of Intent to Foreclose" letter, seeking only those defaulted payments within the five year limitations period, if it wanted to try to foreclose on Plaintiffs' residence again. Each Defendant, directly or through agents, failed to do so prior to instituting the second state court foreclosure action in violation of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

37. The complaint in the Second Debt Collection Action alleged that Ocwen was the loan servicer by virtue of a Limited Power of Attorney. The Verification of the Verified Foreclosure Complaint in the Second Debt Collection Action read as follows:

> Ocwen Loan Servicing LLC as Attorney-in-Fact for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005- QSI.

38. The Verification of the Second Debt Collection Action is signed by a Contract Management Coordinator of Ocwen, acknowledging its status as both agent and attorney in fact for Deutsche.

39. The wherefore clause of the Second Debt Collection Action requests "that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper . . . and the entry of a deficiency judgment decree . . . ."

40. On or about November 18, 2015, Andrew Lyons, Esq., filed his appearance as counsel on behalf of the Plaintiffs with the relevant Court and Defendants' counsel.

41. Since at least January 23, 2015, Ocwen has been prosecuting debt collection actions as attorney in fact and agent for Deutsche.

42. Since at least January 23, 2015, Ocwen has been acting as the servicer for the Account, including the responsibility of prosecuting the debt collection actions, and other collection efforts against Plaintiffs.

43. Plaintiffs have been continuously represented by counsel with respect to the debt from at least April 19, 2012, to the present and Ocwen as agent and attorney in fact for Deutsche, has always been aware of Plaintiffs' representation by counsel during this period.

44. Ocwen and Deutsche were informed of the fact that Plaintiffs were represented by legal counsel and knew of Plaintiffs' legal representation.

45. Ocwen confirmed having knowledge of Plaintiffs' representation by legal counsel in correspondence sent to The Lyons Law Group, P.A., dated January 6, 2016.

46. Notwithstanding Plaintiffs having retained counsel and Ocwen and Deutsche having knowledge of this circumstance, Ocwen acting on behalf of Deutsche has contacted

Plaintiffs directly on multiple occasions for the purposes of collecting on the alleged consumer debt in violation of 15 U.S.C. § 1692c(a)(2).

47. Ocwen, as agent and attorney in fact for Deutsche contacted Plaintiffs for the purposes of collecting on the alleged debt via mail, by requesting that Plaintiffs pay a certain amount of money by a date certain, and in direct contravention of the notice of legal representation.

48. Specifically, Ocwen contacted Plaintiffs at least thirty (30) times via U.S. mail, for the purposes of collecting on the alleged debt, by requesting that Plaintiffs pay a certain amount of money by a date certain; or by requesting Plaintiffs to contact Ocwen for the purpose of arranging payment, and in direct contravention of the notice of legal representation.

49. Ocwen, as agent and attorney in fact for Deutsche has also:

a. Telephone to Plaintiff's residence and/or cellular telephone more than once a week

b. Telephone calls to plaintiff's place of business

c. Visits to plaintiff's residence

d. Visits to plaintiff's place of business

e. Letters, cards, telegrams, special delivery letters

f. Threats to foreclosure upon plaintiffs real estate

50. Upon information and belief, during calendar years 2013, 2014, 2015, and 2016, Ocwen, as agent and attorney in fact for Deutsche, called Plaintiffs by telephone on multiple occasions for the purposes of collecting on the alleged debt, in violation of Fla. Stat. § 559.72(7) and § 559.72(18), and 15 U.S.C. § 1692c(c).

51. Specifically, Ocwen contacted Plaintiff, Nathalie G. Roussel on her cellular telephone for the purposes of collecting on the alleged debt, on August 26, 2016. During said call, Ms. Roussel reminded Ocwen that she was represented by legal counsel with respect to the debt, and not to contact her again.

52. Upon information and belief, Defendants have also harassed Plaintiffs at their home and places of employment by willfully communicating with Plaintiffs frequently and regularly.

53. Ocwen and Deutsche have actual knowledge of Plaintiffs having retained counsel to represent them with respect to this debt; however, Ocwen and Deutsche continue to contact Plaintiffs willfully, wantonly, and maliciously without regard to their effect on Plaintiffs.

54. Ocwen and Deutsche made the above referenced contacts with reckless disregard of plaintiff's health or welfare, for the purpose of causing Plaintiffs emotional distress and in the hopes of inducing Plaintiffs to pay the Debt.

55. Specifically Ocwen and Deutsche have acted maliciously by engaging in a course of conduct intended to harass Plaintiffs.

56. All conditions precedent to the filing of this action have occurred or have been waived by the Defendants.

57. Plaintiffs have sustained damages as defined by Fla. Stat. § 559.77, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b).

58. As a direct and proximate result of the conduct and acts of Ocwen and Deutsche mentioned above, Plaintiff's excellent credit rating has been impaired and Plaintiffs have suffered severe pain and distress of body and mind, and great mental anguish, anger, embarrassment, humiliation and shame, unauthorized use of and interference with Plaintiffs' cellular telephone service, eliminated Plaintiff's right to be left alone and the peace and solitude that Plaintiffs would otherwise have had, all to Plaintiffs' damage.

59. Plaintiff has incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Defendants, and as allowed under Fla. Stat. § 559.77(2) and 15 U.S.C. 1692k.

60. The acts and/or omissions of each Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**COUNT I**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT, SECTION 559.72 *ET SEQ***

61. Plaintiffs incorporate the preceding paragraphs 1-50 as if fully set forth herein.

62. Each Defendant is "a person collecting consumer debts" as defined for purposes of applying Fla. Stat. § 559.72 *et seq.* ("FCCPA").

63. Each Defendant has willfully and intentionally committed acts prohibited by the FCCPA.

64. Each Defendant has willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass Plaintiff, and willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of Fla. Stat. § 559.72(7).

65. Each Defendant has sought to claim, attempt, or threaten to enforce a debt which Defendant knows is not legitimate, or is asserting the existence of some legal right to collect upon a debt that is more than five years old , in violation of Fla. Stat. § 559.72(9), by seeking to collect monthly installment payments due beyond Florida's five year statute of limitations.

66. Each Defendant has also communicated with Plaintiffs regarding a debt, knowing the Plaintiffs are represented by an attorney with regards to such debt, and had knowledge of, or could readily ascertain, the attorney's name and address, in violation of Fla. Stat. § 559.72(18).

67. Each Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs.

68. Plaintiffs have retained the services of the undersigned counsel and are obligated to pay reasonably attorneys fees for those services.

69. As a result of the acts of each Defendant, directly or through agents, Plaintiffs have been damaged by each Defendant's contacts which have created marital instability, anger, embarrassment, great mental anguish, humiliation and shame, and emotional distress. Plaintiffs' excellent credit rating has been impaired and Plaintiffs have suffered severe pain and distress of body and mind, and unauthorized use of and interference with Plaintiffs' cellular telephone service, eliminated Plaintiff's right to be left alone and the peace and solitude that Plaintiffs would otherwise have had, all to Plaintiffs' damage.

70. Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages per violation, plus actual damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiffs prevail in this matter.

71. As a result of each Defendant's actions, Plaintiffs have been damaged in an amount exceeding $5,000.00 but which does not exceed $15,000.00.

**WHEREFORE,** Plaintiffs demand trial by jury and request judgment:

a. Enjoining Each Defendant from any and all further illegal collection practices;

b. Statutory damages of $1,000 or actual damages, whichever is greater;

c. For punitive damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

## COUNT II FDCPA

72. Plaintiffs incorporate the preceding paragraphs 1-50 as if fully set forth herein.

73. Each Defendant, directly or through agents, has engaged in the collection of consumer debt, in a manner violating 15 U.S.C. § 1692 *et seq.*

74. Each Defendant, directly or through agents, has repeatedly placed autodialed collection calls to Plaintiffs' cellular telephones, within the last year prior to filing this complaint. Such autodialed collection calls are illegal third party attempts to collect the Debt in violation of

numerous and multiple provisions of the FDCPA, including but not limited to 12 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

75. Each Defendant, directly or through agents, have attempted to collect monthly installment payments due beyond Florida's five year statute of limitations, which is a false, deceptive, or misleading representation with respect to the debt in violation of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

76. Each Defendant, directly or through agents, has violated the FDCPA in the state court foreclosure action by omitting the fact that Plaintiffs' home was previously subject to a prior foreclosure lawsuit, meaning the loan had already been accelerated and decelerated. Florida law requires Defendant to send a second "Notice of Intent to Foreclose" letter if it wanted to try to foreclose on Plaintiffs' home for a second time. This failure is a violation of 15 U.S.C. § 1692e(2)(A) and 1692e(10).

77. Each Defendant, directly or through agents, has communicated with Plaintiffs despite the notice of legal representation with respect to the debt, for purposes of collecting a consumer debt in violation of 15 U.S.C. § 1692c(a)(2).

78. Each Defendant, directly or through agents, has communicated with Plaintiffs despite Plaintiffs' request to cease communications for purposes of collecting a consumer debt in violation of 15 U.S.C. § 1692c(c).

79. Each Defendant, directly or through agents, has communicated with Plaintiffs for purposes of collecting a consumer debt with intent to annoy, abuse, or harass Plaintiffs at the called number in violation of 15 U.S.C. § 1692d(5).

80. Each Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs.

81. Plaintiffs have retained the services of the undersigned counsel and are obligated to pay reasonably attorneys' fees for those services.

82. As a result of the acts of each Defendant, directly or through agents, Plaintiffs have been damaged by each Defendant's contacts which have created marital instability, anger, embarrassment, and emotional distress, and by eliminating Plaintiffs' right to be left alone, the peace and solitude that Plaintiffs would otherwise have had, constitutes unauthorized use of, and interferes with Plaintiffs cellular telephone service for which Plaintiffs paid money

83. Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonably attorneys fees and costs pursuant to 15 U.S.C § 1692k(a)(3).

84. As a result of each Defendant's actions, Plaintiffs have been damaged in an amount exceeding $5,000.00 but which does not exceed $15,000.00.

**WHEREFORE**, Plaintiffs demand trial by jury and request judgment:

a. Enjoining Each Defendant from any and all further illegal collection practices;

b. Statutory damages of $1,000 or actual damages, whichever is greater;

c. For punitive damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

## COUNT III TCPA

85. Plaintiffs incorporate the preceding paragraphs 1-50 as if fully set forth herein.

86. Each Defendant is a person as that term is used in 47 U.S.C. § 227(b)(1).

87. Within the four years immediately preceding this action, each Defendant, directly or through agents, has made numerous calls to Plaintiff's telephone number, assigned to a cellular telephone service, without prior express consent and without an emergency purpose, using an

automated dialing system, using an artificial or prerecorded voice, or using both; or has made such calls to a service for which the called party is charged for the call.

88. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants did not have Plaintiffs' prior express consent, and had no basis to believe it had prior express consent, to make automated calls to their cell phone or to send prerecorded messages to their cell phone.

89. Ocwen, as agent and attorney in fact for Deutsche, has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

90. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.).

91. Each Defendant's repeated autodialed collection calls to Plaintiffs' cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

92. The acts and/or omissions of each Defendant, directly or through agents, at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, with actual malice or deliberate oppression, or with such

gross negligence so as to indicate a wanton disregard of the rights of Plaintiffs and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

93. Deutsche is responsible and liable for Ocwen's violations of the TCPA.

94. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiffs to sustain damages.

95. As a result of the acts of each Defendant, directly or through agents, Plaintiffs have been damaged by Defendant's contacts which have eliminated Plaintiff's right to be left alone, the peace and solitude that Plaintiffs would otherwise have had, constitutes unauthorized use of and interferes with Plaintiffs cellular telephone service for which Plaintiffs paid money.

96. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiffs are entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiffs.

97. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per telephone call made to the Plaintiffs pursuant to 47 U.S.C. § 227(b)(3).

98. Plaintiffs are entitled to injunctive relief prohibiting Defendants from contacting the Plaintiffs on their cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

99. Plaintiffs have retained the services of the undersigned counsel and are obligated to pay reasonably attorneys' fees for those services.

100. As a result of each Defendant's actions, Plaintiffs have been damaged in an amount exceeding $5,000.00 but which does not exceed $15,000.00.

**WHEREFORE,** Plaintiffs demand trial by jury and request judgment:

a. Enjoining Defendants from any and all further calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system

b. Statutory damages of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants and for Plaintiffs;

c. Statutory damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendants and for Plaintiffs;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Marc Roussel
Dated: 01/11/2016

Nathalie G. Roussel
Dated:

Respectfully submitted,
THE LYONS LAW GROUP, P.A.

/s/

Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Marc Roussel and Nathalie G. Roussel

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**

**MARC ROUSSEL AND**
**NATHALIE G. ROUSSEL,**

**Plaintiffs,**

**Case No.:**

**vs.**

**OCWEN LOAN SERVICING, LLC AND**
**DEUTSCHE BANK TRUST COMPANY**
**AMERICAS, as Trustee for Residential Accredit**
**Loans, Inc., Mortgage Asset-Backed Pass-Through**
**Certificates, Series 2005-QSI,**

**Defendants.**
_____________________________________/

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QS1,

GENERAL JURISDICTION DIVISION

Case No. 2015CA003412CAAXWS

Plaintiff,

vs.

Marc Roussel; Nathalie G. Roussel; Longleaf Neighborhood Association, Inc.,

Defendants.

_______________________________________/

**VERIFIED COMPLAINT FOR FORECLOSURE OF MORTGAGE**

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QS1 (hereinafter referred to as "Plaintiff"), sues Marc Roussel; Nathalie G. Roussel; Longleaf Neighborhood Association, Inc. (hereinafter referred to as "Defendants"), and alleges:

**COUNT I**

**FORECLOSURE OF MORTGAGE**

1. This is an action to foreclose a mortgage on real property in Pasco County, Florida.

2. The Court has jurisdiction over the subject matter.

3. On or about December 21, 2004, Marc Roussel and Nathalie G. Roussel executed and delivered a promissory note ("Note"). A copy of the Note is attached hereto as **Exhibit A.**

4. On or about December 21, 2004, Marc Roussel and Nathalie G. Roussel executed and delivered a Mortgage securing payment of the Note to Homecomings Financial Network, Inc. The Mortgage was recorded on December 23, 2004, in Official Records, Book 6163 at Page 734 of the Public Records of Pasco County, Florida, and encumbered the property described in the Mortgage (the "Property") then owned by and in possession of the mortgagor. A copy of the Mortgage is attached hereto as **Exhibit B.**

5. The Mortgage of Plaintiff is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of mortgagors or the mortgagor's predecessor in interest.

6. Plaintiff is the holder of the Original Note secured by the Mortgage and is entitled to foreclose pursuant to Florida Statute 673.3011(1).

7. Ocwen Loan Servicing, LLC ("Ocwen") is the loan servicer for this particular loan. Plaintiff has delegated Ocwen the authority to service the loan on its behalf pursuant to a Limited Power of Attorney

8. Defendants, Marc Roussel and Nathalie G. Roussel, have defaulted under the Note and Mortgage by failing to pay the payment due on June 1, 2010, and all subsequent payments.

9. Plaintiff declares the full amount payable under the Note and Mortgage to be due, except to the extent any part of that amount is or would be subject to a statute of limitations defense.

10. Defendants, Marc Roussel and Nathalie G. Roussel, owe Plaintiff $254,764.21 that is due and owing on principal on the Note and Mortgage plus interest from and after May 1, 2010, and title search expenses for ascertaining necessary parties to this action, pursuant to the documents attached, except for those defendants who have been discharged in bankruptcy.

11. In order to protect its security, Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum so paid will be due and owing to Plaintiff.

12. The Property is now owned by Defendants, Marc Roussel and Nathalie G. Roussel, and the record legal title to said mortgage property is now vested in Defendants, Marc Roussel and Nathalie G. Roussel.

13. All conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred.

14. Plaintiff is obligated to pay Plaintiff's attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees pursuant to the express terms of the Note and Mortgage.

15. Plaintiff alleges that the claims of the remaining defendants are secondary, junior,

inferior and subject to the prior claim of Plaintiff.

16. Any interest in the property inuring to the Defendant, Longleaf Neighborhood Association, Inc., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, a possible lien pursuant to the Declaration of Covenants and Restrictions or Declaration of Condominium and any amendments thereto recorded in the Public Records of Pasco County, Florida. Said interest is subject, subordinate, and inferior to the lien of Plaintiff's Mortgage.

17. Any and all unknown parties claiming by, through, under and against the herein named individual defendant(s) who are not known to be dead or alive, whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants are joined as defendants herein. The claims of said defendants are subordinate, junior, and inferior to the interest of Plaintiff.

**WHEREFORE,** Plaintiff demands judgment foreclosing the Mortgage for costs (and, when applicable, for attorneys' fees), and, if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment. Plaintiff requests, subject to any applicable statute of limitations, that the Court ascertain the amount due to Plaintiff, for principal and interest on the Mortgage and Note and for late charges, abstracting, taxes, expenses and costs, including attorneys' fees, plus interest thereon; that if the sums due Plaintiff under the Mortgage and Note are not paid immediately, the Court foreclose the Mortgage and Clerk of the Court sell the property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2011); that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed; that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may

be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy and such other relief as the Court may deem just and proper.

**FLA. R. CIV. P. 1.110(b) VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

By: Katie Drouin

Ocwen Loan Servicing LLC as Attorney-in-Fact for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QS1

Title: Contract Management Coordinator

Printed Name: Katie Drouin

Date: 10·15·15

**DESIGNATION OF PRIMARY E-MAIL ADDRESS**

In accordance with Fla. R. Jud. Admin. 2.516(b)(1)(A), the undersigned attorney for the Plaintiff hereby designates FLCourtDocs@brockandscott.com as their primary e-mail address.

BROCK & SCOTT, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6151
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com

By

~~Jennifer N. Tarquinio, Esq.~~
~~Florida Bar No. 99192~~

File # 15-F02469